IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jean Marie Labanowski, ) | C/A No. 0:15-2250-RMG-PJG |
| Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| Carolyn W. Colvin, Acting Commissioner ) of Social Security, ) | |
| Defendant. ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 (D.S.C.). The plaintiff, Jean Marie Labanowski, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be affirmed.

**SOCIAL SECURITY DISABILITY GENERALLY**

Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the Administrative Law Judge ("ALJ") to consider, in sequence:

(1)   whether the claimant is engaged in substantial gainful activity;

(2)   whether the claimant has a "severe" impairment;

(3)   whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4)   whether the claimant can perform her past relevant work; and

(5)   whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4).[1] If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

### ADMINISTRATIVE PROCEEDINGS

In December 2012, Labanowski applied for DIB, alleging disability beginning June 22, 2012. Labanowski's application was denied initially and upon reconsideration, and she requested a hearing

---

[1] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. § 404.1520(h).



before an ALJ.  A video hearing was held on August 15, 2014, at which Labanowski, who was represented by Joseph A. Romano, Esquire, appeared and testified.  After hearing testimony from a vocational expert, the ALJ issued a decision on October 21, 2014 finding that Labanowski was not disabled.  (Tr. 27-33.)

Labanowski was born in 1956 and was fifty-five years old on June 22, 2012—her alleged disability onset date.  (Tr. 162.)  She has an eleventh-grade education and past relevant work experience as a cashier, a retail manager, and a security guard.  (Tr. 180.)  Labanowski alleged disability due to diarrhea and intestinal operations that left her very weak.  (Tr. 179.)

In applying the five-step sequential process, the ALJ found that Labanowski had not engaged in substantial gainful activity since June 22, 2012—her alleged onset date.  The ALJ also determined that Labanowski's status-post bowel resection, hypertension, and hypothyroidism were severe impairments.  However, the ALJ found that Labanowski did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings").  The ALJ further found that Labanowski retained the residual functional capacity to

> perform light work as defined in 20 CFR 404.1567(b) except no climbing ladders, ropes or scaffolds, occasional[ly] climbing stairs, balancing, stooping, kneeling and crouching with no exposure to work hazards.

(Tr. 30.)  The ALJ found that Labanowski was able to perform past relevant work as a retail manager, security guard, and cashier, and that this work did not require the performance of work-related activities precluded by Labanowski's residual functional capacity.  Therefore, the ALJ found that Labanowski was not disabled from June 22, 2012 through the date of his decision.

The Appeals Council denied Labanowski's request for review on April 9, 2015, making the decision of the ALJ the final action of the Commissioner.  (Tr. 4-7.)  This action followed.



## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## ISSUES

Labanowski raises the following issues for this judicial review:

I.   The ALJ failed to properly assess the medical opinion evidence[.]

II.  The ALJ did not explain his findings regarding the Plaintiff's residual functional capacity, as required by Social Security Ruling SSR 96-8p.[]

III. The ALJ failed to properly evaluate the credibility of the Plaintiff[.]

(Pl.'s Br., ECF No. 16.)



# DISCUSSION

### A.  Opinion Evidence

Labanowski first argues that the ALJ erred in evaluating the opinions from the state agency reviewers. Regardless of the source, the Commissioner will evaluate every medical opinion received. 20 C.F.R. § 404.1527(c); see also 20 C.F.R. § 404.1527(e)(2)(i) ("State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified . . . [and] are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider [their] findings and opinions as opinion evidence"). The ALJs are instructed to apply the following non-exclusive list of factors to all medical opinions: the length and nature of the source's treatment relationship with the claimant, the supportability of the opinion, the opinion's consistency with the other evidence in the record, whether the source is a specialist, and any other factors that may support or contradict the opinion.[2] 20 C.F.R. § 404.1527(c).

At issue is an opinion from a state agency reviewer that the ALJ summarized as concluding that Labanowski "was not disabled, and should be able to perform work at the light exertional level with postural limitations of never climbing ladders, ropes or scaffolds, occasionally climb stairs, balance, stoop, kneel crouch and crawl, and avoidance of concentrated exposure to hazards." (Tr. 32) (citing Ex. 4A, Tr. 66-76).[3] The crux of this issue is that although the ALJ stated that he found this opinion "to be credible and consistent with the documentary evidence" (Tr. 32), the ALJ failed

---

[2] In evaluating opinions from other sources, not every factor may apply. SSR 06-03p, 2006 WL 2329939, at *5.

[3] Although the ALJ only references Exhibit 4A, the court notes that this opinion appears to be identical to the opinion of another state agency reviewer issued approximately two months earlier. (See Ex. 1A, Tr. 52-63.)



to incorporate the portion of the opinion that states "hazards precaution- close proximity to restroom." (Tr. 74.)

Although the Commissioner argues that the statement regarding the proximity of the restroom is only an explanation for the reviewers' assessed limitation that Labanowski should avoid concentrated exposure to hazzards, the court finds that the statement was an opined limitation within the opinions that the ALJ did not explicitly address. However, the court finds that the ALJ's failure to explicitly address this phrase to be harmless as the ALJ did explicitly address Labanowski's allegations of gastrointestinal problems, including her statements that she suffered from diarrhea which allegedly occurred eight to ten times per day. Pertinent to this alleged limitation, the ALJ found the following:

> In accessing the claimant's credibility, the undersigned notes that the claimant has gained weight since the date of application, which certainly is not consistent with diarrhea occurring as often as alleged. Additionally, the frequency of the claimant's treatment is also not consistent with the degree of symptoms alleged. The claimant's treating physician, Dr. Johnson, described the diarrhea as intermittent, which is not consistent with an allegation of 8 to 10 episodes per day. The claimant denies performing any household tasks, but it is not clear on how diarrhea precludes the claimant from performing household tasks.
> . . . .
> In January 2013, the claimant presented to Dr. Rajan Gupta with complaints of chronic diarrhea. Dr. Gupta recommended a colonoscopy. (Exhibit 4F) There was no specialized gastrointestinal treatment and apparently no prescription medication for those problems at any time following January 2013. Treatment records from Access Medical Center in January 2013 to March 2013 document periodic complaints of chronic diarrhea, but no further gastrointestinal treatment and there is no indication that the symptoms had progressed or worsened over time. (Exhibit 6F) In fact, physical examination by Dr. Johnson in July 2014 was unremarkable. (Exhibit 8F)
> . . . .
> There is no question that the claimant had symptomatic gastrointestinal problems during the summer of 2012. Subsequent to the last surgery on September 17, 2012, the claimant indicated gradually improving symptoms (Exhibit 3F, p.l) but with a brief exacerbation in January, 2013 (Exhibit 4F). Since that time, there has been no specialized gastrointestinal treatment and no prescriptions dedicated to



> gastrointestinal complaints. Further, treatment has been generally unremarkable and primarily concerned with hypertension and hypothyroidism since January, 2013.

(Tr. 31-32.) Thus, the ALJ's decision clearly reflects that he found Labanowski's diarrhea improved and implicitly found no need for limitations beyond "no exposure to work hazards" to account for Labanowski's impairments. See Heckman v. Colvin, No. 3:12-cv-02187-GBC, 2014 WL 4793698, at *15 (M.D. Pa. Sept. 24, 2014) ("[E]ven when an ALJ gives considerable weight to an opinion, he is not required to adopt an opinion wholesale and include every degree of limitation in the RFC.").

Labanowski has failed to demonstrate that such a determination is unsupported by substantial evidence, especially in light of the record presented. (See Opinions of the State Agency Examiners, Tr. 60, 74 (indicating that Labanowski's allegation of diarrhea five to ten times per day was only partially credible because although there was some weight loss, her weight appeared to be stable for the last six months); Tr. 555 (indicating in October 2012, less than one month following her bowel resection, that she "[s]till has diarrhea but frequency less); Tr. 553 (indicating in October 2012, approximately one month following her bowel resection, that she "[s]till has watery BM's (felt to be secondary to C. diff)"); Tr. 551 (indicating in November 2012, approximately two months following her bowel resection, that her bowel movements were "still loose and frequent but getting less" and that she gained some weight); Tr. 667 (new patient visit with Dr. Johnson in July 2014 where she reported, in part, that "she has had trouble with loose stool that "[t]ypically bothers her about 15 minutes after a meal"; she "[o]ccasionally . . . has had some nighttime symptoms"; and "[s]he takes Imodium to help with that when needed" and Dr. Johnson described the diarrhea as intermittent, loose stool). Therefore, remand is not warranted on this issue.

PJG

B.     **Residual Functional Capacity and Credibility**

A claimant's residual functional capacity is "the most [a claimant] can still do despite [her] limitations" and is determined by assessing all of the relevant evidence in the case record. 20 C.F.R. § 404.1545(a)(1). In assessing residual functional capacity, an ALJ should scrutinize "all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). Social Security Ruling 96-8p further requires an ALJ to reference the evidence supporting his conclusions with respect to a claimant's residual functional capacity.

Labanowski argues that the ALJ erred in failing to include in Labanowski's residual functional capacity the limitation from the state agency reviewer's opinion regarding proximity to a bathroom. However, as discussed above, the ALJ implicitly found such a limitation was not warranted and Labanowski has failed to demonstrate that that determination is unsupported by substantial evidence.

Labanowski also argues that the ALJ erred in failing to include a limitation regarding the frequency of Labanowski's bathroom breaks. In support of this argument, Labanowski points to her testimony, which is related to some of her arguments in Issue III that the ALJ erred in evaluating her credibility. Therefore, the court will address these arguments together.

In evaluating subjective complaints, the United States Court of Appeals for the Fourth Circuit has stated that "the determination of whether a person is disabled by pain or other symptoms is a two-step process." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). The first step requires there to "be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig, 76 F.3d at 594 (internal quotation omitted). During the second step, the ALJ must expressly consider "the intensity and persistence



of the claimant's [symptom] and the extent to which it affects her ability to work." Id. In making these determinations, the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186, at *2. "[A]llegations concerning the intensity and persistence of pain or other symptoms may not be disregarded *solely* because they are not substantiated by objective medical evidence." Id. at *6 (emphasis added). "This is not to say, however, that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work." Craig, 76 F.3d at 595. A claimant's subjective complaints "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the [symptoms] the claimant alleges she suffers." Id. The social security regulations inform claimants that in evaluating subjective complaints, the Commissioner will consider the following relevant factors:

   (i)    Your daily activities;
   (ii)   The location, duration, frequency, and intensity of your pain or other symptoms;
   (iii)  Precipitating and aggravating factors;
   (iv)   The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
   (v)    Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
   (vi)   Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
   (vii)  Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3).

In this case, the ALJ summarized Labanowski's allegations as follows:

> At the hearing, the claimant testified that she could not work due to an inability to lift over five pounds and diarrhea, which occurs 8 to 10 times per day. She indicated that she could sit for approximately forty-five minutes and stand for about fifteen before becoming dizzy from dehydration. She can walk around the block and has no problem using her hands. She has been prescribed medication for thyroid and hypertension and takes a decongestant and Imodium when necessary. The claimant reported that her physician has limited her lifting to no more than five pounds. The claimant lives in an apartment with her daughter and claims that she requires help getting in and out of the shower. She performs no household tasks but later indicated that she does do some dishes. She spends her day reading and walking around the house.

(Tr. 30-31.)

The ALJ found that Labanowski's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms," but that her statements "concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible for the reasons explained in the decision." (Tr. 31.) In support of this finding and specifically with regard to Labanowski's allegations of gastrointestinal limitations, the ALJ noted that Labanowski "has gained weight since the date of application, which certainly is not consistent with diarrhea occurring as often as alleged." (Id.) The ALJ further found (1) that the frequency of Labanowski's treatment is not consistent with the degree of symptoms alleged; (2) that Dr. Johnson, her treating physician, "described the diarrhea as intermittent, which is not consistent with an allegation of 8 to 10 episodes per day"; and (3) that it is not clear how diarrhea precludes Labanowski from performing household tasks. (Id.) The ALJ further found that following Labanowski's bowel resection,

> [i]n January 2013, the claimant presented to Dr. Rajan Gupta with complaints of chronic diarrhea. Dr. Gupta recommended a colonoscopy. (Exhibit 4F) There was no specialized gastrointestinal treatment and apparently no prescription medication for those problems at any time following January 2013. Treatment records from Access Medical Center in January 2013 to March 2013 document periodic complaints of chronic diarrhea, but no further gastrointestinal treatment and there is no indication that the symptoms had progressed or worsened over time. (Exhibit 6F)



>    In fact, physical examination by Dr. Johnson in July 2014 was unremarkable. (Exhibit 8F)

(Id.) The ALJ concluded that

>    [t]here is no question that the claimant had symptomatic gastrointestinal problems during the summer of 2012. Subsequent to the last surgery on September 17, 2012, the claimant indicated gradually improving symptoms (Exhibit 3 F, p.l) but with a brief exacerbation in January, 2013 (Exhibit 4F). Since that time, there has been no specialized gastrointestinal treatment and no prescriptions dedicated to gastrointestinal complaints. Further, treatment has been generally unremarkable and primarily concerned with hypertension and hypothyroidism since January, 2013.
>    In sum, the above residual functional capacity assessment is supported by the weight of the evidence of record. There are no medical findings of sufficient severity to suggest that the claimant is unable to perform all work activity. The claimant's medical record is positive for status-post bowel resection, hypertension and hypothyroidism. While the medical evidence of record establishes the existence of the above-mentioned impairments, the objective findings do not confirm that these impairments are of such severity that they could reasonably be expected to produce the degree of debilitating pain and functional limitations alleged. Considering the claimant's medical evidence in its entirety and her testimony, the undersigned concluded that the claimant's testimony is not fully credible and she retains the above residual functional capacity assessment.

(Tr. 32.)

As an initial matter, the court finds that remand is not warranted based on Labanowski's argument that the ALJ's statements that her impairments "could be reasonably expected to cause some of the alleged symptoms" was ambiguous. Labanowski's reliance on Woodby v. Colvin, Civil Action No. 1:14-952-RMG, 2015 WL 628482 (D.S.C. Feb. 12, 2015), is misplaced. In Woodby, the district judge adopted without objections a magistrate judge's recommendation and finding that the ALJ failed to properly assess the plaintiff's credibility in part based on the ALJ's findings that the plaintiff's "impairments could reasonably be expected to cause *some level* of the alleged symptoms." Id. at *16 (emphasis added). However, the court finds Labanowski's case to be more analogous to a subsequent case before the same magistrate judge, where an ALJ found that the "impairments could reasonably be expected to cause *some* of the alleged symptoms." Smith v. Colvin, C/A No.:



1:14-4400-RBH-SVH, 2015 WL 10527437, at *19 (D.S.C. Sept. 21, 2015) (Report and Recommendation), <u>rejected on other grounds by</u> 2016 WL 1089302 (D.S.C. Mar. 21, 2016). Like <u>Smith</u>, the court finds that in this case, the ALJ's discussion of Labanowski's testimony and the evidence reveals that the ALJ found the record did not support all of Labanowski's alleged impairments, and that the ALJ discussed the specific limitations he found that Labanowski's impairments did impose, thus satisfying the specificity requirements.

Labanowski also attempts to challenge some of the reasons offered by the ALJ in discounting her credibility. For example, Labanowski directs the court to records following her bowel resection where she reported diarrhea, "watery BMs," chronic diarrhea, and loose stools (<u>see</u> Tr. 551, 557, 619, 622, 625, 634, 667), arguing that the ALJ failed to consider these records in determining that Labanowski had gradually improving symptoms. However, the ALJ's decision belies this argument as it reflects that the ALJ specifically considered these records but found that there had been "no further gastrointestinal treatment and there is no indication that the symptoms had progressed or worsened over time." (Tr. 31.) The ALJ further found that notwithstanding the brief exacerbation of Labanowski's symptoms in January 2013, "there has been no specialized gastrointestinal treatment and no prescriptions dedicated to gastrointestinal complaints [and] . . . treatment has been generally unremarkable and primarily concerned with hypertension and hypothyroidism since January, 2013." (Tr. 32.)

Labanowski also argues that the ALJ failed to consider her testimony that she was eating foods such as bread, cheese, and potatoes to "try to bind" her and that her diarrhea caused her to be weak and fatigued, preventing her from performing chores.[4] Labanowski also summarily argues that

---

[4] Labanowski also argues that it is unclear where Dr. Johnson found Labanowski's diarrhea was intermittent; however, the record clearly includes that finding. (Tr. 667.)



the ALJ failed to consider her statements and evidence concerning her abdominal pain and its impact on her ability to lift and stoop. Finally, Labanowski argues that the ALJ failed to consider her work history in evaluating her credibility.

The court has carefully considered the parties' arguments and the record in this matter and finds that Labanowski has failed to demonstrate that the ALJ's evaluation of Labanowski's subjective complaints is unsupported by substantial evidence or controlled by an error of law. See Craig, 76 F.3d at 589 (defining "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance" and stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"); Blalock, 483 F.2d at 775 (indicating that regardless of whether the court agrees or disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence). As an initial matter, Labanowski has failed to demonstrate that the ALJ failed to properly apply the relevant factors in evaluating her credibility. See 20 C.F.R. § 404.1529(c)(3). In fact, the ALJ's decision reflects that he carefully considered the requisite factors in evaluating Labanowski's credibility throughout the decision.

Further, while Labanowski may point to selective medical evidence in the record in support of her argument, such evidence does not render the ALJ's decision unsupported. Contrary to Labanowski's allegations that the ALJ's decision "failed to specify how the medical evidence failed to substantiate her disability" (Pl.'s Br. at 24, ECF No. 16 at 24), the ALJ's discussion reveals that he considered the entire medical record and Labanowski's testimony regarding her impairments. Moreover, even accepting Labanowski's arguments as true, the court finds that her arguments do not render the ALJ's decision unsupported in light of all the reasons offered by the ALJ.



As stated above, the court may not substitute its judgment for the Commissioner's and finds that the ALJ's conclusions are within the bounds of the substantial evidence standard. See Craig, 76 F.3d at 595 (stating that a claimant's subjective complaints of pain itself or its severity "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the [symptoms] the claimant alleges she suffers"); see also Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1993) (*per curiam*) (finding that the ALJ may properly consider inconsistencies between a plaintiff's testimony and the other evidence of record in evaluating the credibility of the plaintiff's subjective complaints). Based on the above discussion, the court also finds that Labanowski has failed to demonstrate that the ALJ failed to comply with SSR 96-8p in determining her residual functional capacity.

## RECOMMENDATION

For the foregoing reasons, the court finds that Labanowski has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman, 829 F.2d at 517. The court therefore recommends that the Commissioner's decision be affirmed.

_____
July 19, 2016                                Paige J. Gossett
Columbia, South Carolina              UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).